## BASS v. BELL.

DEED—MORTGAGE—SALE—SPECIFIC PERFORMANCE.—FINDING OF FACT that deed on its face absolute is what it purports to be, affirmed. Talk between the parties after execution of deed as to reconveyance is too vague, indefinite and uncertain as to time and price to make a binding obligation on grantee.

Before WATTS, J., Kershaw, September, 1901. Affirmed.

Action by Saml. M. Bass against R. H. Bell. From judgment dismissing complaint, plaintiff appeals.

*Messrs. Kirkland & Moore,* for appellant, cite: *Conveyance was tantamount to a mortgage:* 55 S. C., 51. *Defendant should be held liable for rents of lands and damages in cutting timber:* 57 S. C., 267; 16 S. C., 469.

*Mr. J. T. Hay,* contra, cites: *The rule as to declaring a deed a mortgage:* 52 S. C., 54; 54 S. C., 184; 55 S. C., 51; 39 S. E. R., 757. *He who seeks specific performance must be in condition to perform the contract:* 5 Rich. Eq., 300. *Talk as to reconveyance is too indefinite to bind either party:* 27 S. C., 8; 30 S. C., 612; 53 S. C., 572. *In action to compel reconveyance, cutting of timber is not an element of damage:* 57 S. C., 278.

May 9, 1902. The opinion of the Court was delivered by
12—64

MR. JUSTICE GARY. The facts of the case as stated in the argument of appellant's attorney are as follows: "This is an action to declare a deed, absolute on its face, a mortgage, for an accounting, and to redeem. Incidentally, plaintiff alleges that usurious interest has been charged against him by defendant, and asks that the statutory penalties be applied, and also asks that damage done to the land by cutting off wood, or the value of such wood, be charged against defendant. The facts briefly are that on February 19th, 1893, Bass executed to one Nettles a mortgage on land in question in the sum of $85. On February 6th, 1894, Bass made a mortgage of this land to Bell for $112, to cover purchase price of a horse. On January 29th, 1895, Bass executed a conveyance of same land to Bell, on its face absolute, the consideration of which was the mortgage of $112 held by Bell, the Nettles mortgage which Bell was to take up and the expense of the papers, also some taxes paid by Bell, and, as he claims, expense of trying to borrow money on land for Bass. After this deed, on February 19th, 1895, Bell paid up the Nettles mortgage and took an assignment from Nettles. Bass rented the land from Bell for several years after deed. At same time Bell receipted for interest." Bass is a simple, utterly ignorant man.

The decree of his Honor, the Circuit Judge, is as follows: "This cause was heard by me at September term of Court, upon exceptions to the master's report. The master's report is full and sets out the facts of the case. I concur in his findings that the testimony is insufficient to sustain the contention that the deed, absolute on its face, was really a mortgage. I am clearly of the opinion that the deed is what it purports to be, an absolute deed, and it was the intention of the parties when it was executed that it should be. It is true, that after the deed was executed and delivered, there was some talk between the parties that Bell would convey the land back to Bass at some future time if he could pay for it, but this conversation, in my opinion, was vague, indefinite and uncertain as to time, price, etc., and cannot impose upon Bell any legal

obligation to do so, and no tender of amount alleged to be due has been offered to Bell, and the testimony fails to satisfy me that he—Bass—is able to pay what he contends is due Bell by him * * *."

The plaintiff appealed, and assigns error in his Honor's decree in the following particulars:

"In his conclusion that the testimony was insufficient to sustain the contention of plaintiff that the deed of plaintiff to defendant was really a mortgage; whereas, he should have held that the said deed of conveyance was in legal effect a mortgage.

"In his conclusion, after holding said deed absolute, that an agreement of resale was not sufficiently proven.

"In holding that, under the circumstances of this case, there was any need for plaintiff to prove the tender of any amount or ability to pay.

"In failing to hold that the defendant had charged usurious interest.

"In not allowing against the defendant the injury done by him to the land or value of timber cut, and also the rental value, 1,000 lbs. of cotton, in 1899."

The questions presented by the exceptions are dependent upon the findings of fact. For the reasons stated by the master, concurred in by his Honor, the Circuit Judge, this Court is satisfied with his finding of fact mentioned in the first assignment of error.

This Court is likewise satisfied with the finding of fact set out in the second assignment of error, for the reasons stated by the Circuit Judge. These conclusions practically dispose of the entire case.

We may say, however, that the appellant has failed to convince this Court that there was error in the particulars mentioned in the other exceptions. All the exceptions are, therefore, overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.